NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0057n.06

No. 15-1047

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 29, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HUSSEIN JAWAD; LILA JAWAD; JEAN SAFIEDINE | ) ) ) | |
| Plaintiffs - Appellants | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| HUDSON CITY SAVINGS BANK; BANK OF AMERICA, N.A. | ) ) ) | |
| Defendants - Appellees | ) | |

BEFORE:    BATCHELDER, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Plaintiffs entered into a mortgage serviced by Bank of America and ultimately assigned to Hudson City Savings Bank.  Plaintiffs sought a loan modification, but Bank of America failed to facilitate the submission and processing of the application.  Plaintiffs stopped making payments on the mortgage, and in response, the two banks accelerated the debt and foreclosed on the property.  The banks accelerated the debt without providing the notice required by the mortgage contract.  Plaintiffs sued and alleged, among other claims, negligence against Bank of America and breach of contract against both banks.  The district court dismissed both claims, ruling that Bank of America had no tort duty to plaintiffs and was not the cause of their damages, and that plaintiffs were barred from claiming breach of contract because they

breached first by failing to pay. The negligence claim was properly dismissed for want of duty, but the contract claim was improperly dismissed on prior breach grounds.

In 2003, plaintiffs executed a mortgage and note worth $649,000 on a property in Bloomfield Hill, Michigan.[1] The mortgage was serviced by defendant Bank of America and ultimately assigned to defendant Hudson City Savings Bank.

Beginning in 2012, plaintiffs sought a loan modification from Hudson City and Bank of America. They failed to make an unspecified number of mortgage payments beginning in January 2013, all while continuing to seek a loan modification. Plaintiffs qualified for a modification that would have a six-month forbearance period, followed by an eighteen-month period to bring the loan current. Even though plaintiffs complied with all requests from Bank of America for information related to the loan modification application, Bank of America failed to respond to plaintiffs' inquiries, misinformed or failed to inform them regarding loan modification programs, and repeatedly demanded documents that plaintiffs had already submitted.

Hudson City and Bank of America sent only two notices to plaintiffs indicating the banks' intent to foreclose. On April 29, 2014, the banks sent a letter to plaintiffs informing them that they had thirty days to dispute the validity of the outstanding debt or otherwise foreclosure proceedings would begin. On June 24, 2014, they sent a letter informing plaintiffs that the mortgage was being foreclosed on and that a property sale was scheduled for July 29, 2014. These were the only notices plaintiffs received regarding the acceleration of the loan and foreclosure of the mortgage. The property was sold on July 29. The redemption period ended on January 29, 2015.

---

[1] These are the allegations made in the complaint. For purposes of a 12(b)(6) motion to dismiss, all allegations are accepted as true. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Plaintiffs sued both Hudson City and Bank of America in Michigan state court for breach of contract, and for a violation of the Michigan Consumer Protection Act, Mich Comp. Laws § 445.901. Plaintiffs brought two additional claims against Bank of America only: negligence and violation of an April 4, 2012 consent judgment between the United States, 49 states, the District of Columbia, and various large mortgage servicers including Bank of America. Bank of America removed to the Eastern District of Michigan based on diversity jurisdiction.

The banks filed a motion to dismiss for failure to state a claim. Plaintiffs voluntarily dismissed the Michigan Consumer Protection Act claim and the consent judgment claim. Plaintiffs also filed a motion for preliminary injunction to stay the redemption period. The district court dismissed all remaining claims (negligence against Bank of America and breach of contract against both defendants) and denied the preliminary injunction.

Regarding the negligence claim, the district court determined that plaintiffs had failed to allege duty and causation. Plaintiffs alleged that Bank of America had a duty to deal fairly and honestly with them, inform them of available loan modification programs, handle their loan modification applications properly, and provide basic information regarding their loan. Plaintiffs pointed to the consent judgment between Bank of America and various governments as the source of the duty. The district court rejected this argument, because plaintiffs as non-parties could not enforce the consent judgment. The court also rejected other possible sources of a duty, such as an implied covenant of good faith and fair dealing or a fiduciary relationship between a mortgagor and a mortgagee, because these were not recognized by Michigan law. The district court also determined that, because Hudson City was not obligated to modify plaintiffs' loan even if they qualified, plaintiffs failed to establish that they would have been approved for the loan modification but for Bank of America's alleged negligence.

Regarding the breach of contract claim, the district court determined that plaintiffs were barred from alleging breach of contract because they breached it first by failing to pay. Citing a Michigan state law rule that the first party to substantially breach a contract cannot recover against the other party for a subsequent breach, the district court determined that plaintiffs' failure to make an unspecified number of mortgage payments was a substantial breach that barred their claim.

The court also rejected as moot plaintiffs' motion for a preliminary injunction and rejected as futile plaintiffs' request for leave to amend the complaint.

Plaintiffs appeal, arguing that Bank of America voluntarily assumed a tort duty by entering into the consent judgment, that Bank of America's negligent handling of their loan modification application was the but-for cause of their failure to receive a modification, and that plaintiffs' failure to make mortgage payments did not bar their contract claim.

Plaintiffs' negligence claim fails for lack of duty. Plaintiffs argue that Bank of America's duty arises from a consent judgment, but the law is clear that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975); *see also Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992). Plaintiffs do not allege they were parties to the consent judgment. Although this point was the reason behind the district court's ruling, plaintiffs do not address it in their appellate briefing. They argue that Bank of America voluntarily assumed a duty, but they do not point to anything other than the consent judgment as evidence of this voluntary assumption of duty. Accordingly, their negligence claim fails.

However, the reasons given by the district court do not warrant dismissal of plaintiffs' contract claim. The fact that plaintiffs were behind on their mortgage payments does not bar them from enforcing the notice provisions of the contract. The contract states that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." Plaintiffs admit that they fell behind in their mortgage payments but allege that the banks failed to give the required notice prior to acceleration. By failing to give the required notice, the banks breached the contract.

It is true that under Michigan law a party "who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to perform," *Ehlinger v. Bodi Lake Lumber Co.*, 36 N.W.2d 311, 316 (Mich. 1949) (*quoting Jones v. Berkey*, 148 N.W. 375, 378 (Mich. 1914)), but plaintiffs' falling behind on their mortgage payments was not a substantial breach. In the notice provision, the parties expressly contemplated breach by plaintiffs and agreed that, if plaintiffs breached the contract, the banks would provide notice prior to acceleration. A "substantial breach" is one "where the breach has effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." *McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (1964). Considered in the context of the contested provisions, plaintiffs' missed payments did not render notice of acceleration ineffective or impossible. Indeed, notice was required only if plaintiffs failed to pay. A breach contemplated by the language of the contract is unlikely to render performance impossible, especially when the contract provides for a contingency in the event of that breach. Additionally, as noted by plaintiffs, if notice

provisions cannot ever be enforced because of the first-breach rule, then a common contractual provision could never be enforced.[2]

The district court's judgment is therefore affirmed in part and reversed in part, and this case is remanded to the district court. We do not address any other possible defenses to the contract action.

---

[2] Moreover, under Michigan law, "an unambiguous contractual provision is reflective of the parties' intent," and "will be enforced unless it is contrary to public policy." *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 259 (Mich. 2003). Here, the plain, unambiguous language of the contract demonstrates that the parties intended to provide for notice in the event of a breach. Michigan courts "read contracts as a whole, giving harmonious effect, if possible, to each word and phrase." *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 781 n.11 (Mich. 2003). Here the plaintiffs' breach does not bar them from enforcing the unambiguous notice provision provided for in the contract.